UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY THOMAS WOLFINGTON, JR.,<br>Petitioner,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br>Respondent. | No. 2:24-cv-00529-WBS-EFB (HC)<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Petitioner is a state prisoner proceeding without counsel in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He challenges his convictions in the Superior Court of Yolo County for second degree murder and active participation in a criminal street gang. ECF No. 10-24. The jury also found true that petitioner personally used a deadly or dangerous weapon in the commission of these felonies. *Id.* Petitioner alleges that the trial court violated his rights to due process and a fair trial by excluding certain evidence. ECF No. 1 at 2. He also maintains that his due process rights were violated when the trial court did not grant him a new trial based on alleged newly discovered evidence. *Id.* at 7. For the reasons that follow, the petition should be denied.

////

////

////

////

////

## I. Background

The facts, as relayed by the Court of Appeal[1], are:

*A. Murder of Bobby*

On September 2, 2011, C.G. and T.B. were staying next door to each other at a motel. T.B. had a party in her room and left her door open. Co-defendant and C.G. were in C.G.'s room playing dice. Defendant joined them.

At some point, defendant and co-defendant went to the party. Later, C.G., defendant, and co-defendant tried to get everyone to leave the party because T.B. wanted everyone out of her room. Bobby, one of the people in the party, argued against the request. He asked why T.B. did not ask him to leave herself.

Defendant said, "Well, looks like I am going back to the pen," and pulled a butterfly knife out of his waistband. Co-defendant and then defendant fought Bobby. As defendant punched Bobby, he also stabbed him. One of the witnesses yelled, "call 911, they're killing him." Witnesses saw neither Bobby nor co-defendant with a knife.

Defendant and co-defendant ran out toward the railroad tracks. Bobby stumbled after them and collapsed in the parking lot.

Police officers who responded to the scene located defendant and co-defendant in nearby bushes. Co-defendant had an injury to his arm. He also had a folded knife in his pocket. The crime scene investigator did not find any knives in the motel room or in Bobby's clothing.

A medical examiner testified that Bobby was stabbed at least 13 times. Bobby died as a result of these stab wounds. One wound was four-and-a-half inches deep: a knife had pierced through Bobby's abdominal wall, liver, diaphragm and all the way to his heart. The medical examined testified it was unlikely that the knife with the three-and-a-half inch blade that was found on co-defendant killed Bobby. He estimated that the knife that killed Bobby would have had a six-inch blade. Bobby had no defensive wounds.

*B. Defendant's Testimony*

Defendant testified that after he told people to leave because T.B. did not want them in her room, Bobby said he wasn't going anywhere. Bobby argued with C.G. Defendant again explained that T.B. did not want Bobby there, and Bobby said, "if I leave, I'm coming right back." Defendant asked Bobby for clarification. Bobby said, "I'll pop you, cracker." Defendant interpreted this as a threat to shoot him. Defendant replied that he would not let Bobby out of the room talking like that. Bobby reached into his pocket with his left hand and then put his hand behind his body. Bobby struck at co-defendant. At that point, defendant saw that Bobby had a knife in his left hand. Defendant later noticed a sizeable cut on the arm co-defendant had put up to block Bobby's first strike. Bobby and co-defendant

[1] The facts recited by the state appellate court are presumed to be correct where, as here, the petitioner has not rebutted the facts with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Slovik v. Yates*, 556 F.3d 747, 749 n.1 (9th Cir. 2009) (as amended).

> fought, and then Bobby turned to defendant and charged him. Defendant opened up his butterfly knife and stabbed Bobby in the stomach. Bobby kept coming at defendant, and defendant kept punching with his right hand and stabbing with his left until Bobby stopped. Defendant said he dropped his knife before he left the room.

*People v. Wolfington,* 2019 WL 422215, *1-2 (Cal. Ct. App. Feb. 4, 2019); ECF No. 10-24 at 3-4.

Petitioner's appeal of his convictions was rejected by the state appellate court. ECF No. 10-24. The California Supreme Court denied review. ECF No. 10-32.

## II. Standard of Review

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged errors in the interpretation or application of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, 565 U.S.34 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific

legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (citing *Parker v. Matthews*, 567 U.S. 37, 47-49 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." *Id*. Further, where courts of appeals have diverged in their treatment of an issue, there is no "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law under § 2254(d)(1) if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412; *accord Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

In evaluating whether the petition satisfies § 2254(d), a federal court looks to the last reasoned state court decision. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, the court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 99-100 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, 568 U.S. 289, 293 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether

a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 99-100.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

## III. Analysis

### A. Claim One

In his first claim, petitioner maintains that his due process rights were violated when the trial court excluded evidence of an unknown knife and declined to grant a motion for a new trial on the basis of the excluded evidence. ECF No. 1. The state appellate court addressed this claim in a reasoned opinion as follows:

> *B. Evidence of Unidentified Knife*
>
> Defendant asserts the trial court erred in excluding evidence that a knife had been provided to the prosecution by Bobby's brother, and refusing to grant a motion for new trial on this basis. We find no abuse of the trial court's discretion.
>
> The prosecutor explained that, during a conversation with Bobby's family, he stated that it would have been nice if the prosecution had found a knife. Bobby's brother replied, "I think I might have gotten that knife." Bobby's brother subsequently told an investigator that, two weeks after Bobby's murder, the brother was standing on a street corner when a male he did not know the name of walked up and handed him a knife without saying a word. According to the investigator, Bobby's brother was under the impression "that this could be the knife that stabbed his brother. [¶] It is a boot knife with an inch-and-a-half long blade, so it is physically impossible for that to have been the murder weapon or something that stabbed his brother."
>
> The trial court excluded the evidence: "Certainly having evidence of a knife that was used in the altercation would itself be relevant, but to conclude that this is a knife used in the altercation is nothing other than sheer speculation. So even if relevant, I would exclude it under [Evidence Code section] 352. That was my thought process throughout these proceedings."[3] The court later denied a motion

---

[3] [Opinion Footnote 4] Previously, the trial court had indicated that, unless defense counsel could present some evidence other than that the knife was turned over by a member of Bobby's family to suggest it had ever been in his possession, "I would find that it is irrelevant. And if relevant, then I would certainly find that it is—has a tendency to confuse or mislead the jury. So I would exclude it under [Evidence

for new trial based on this ruling, in which it reiterated the reasons for its ruling.

> " 'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness . . . , having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) The trial court may not admit irrelevant evidence, but it has broad discretion in determining whether evidence is relevant. (*People v. Babbitt* (1988) 45 Cal.3d 660, 681.) It also has discretion to exclude even relevant evidence under Evidence Code section 352 "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.) "A trial court's exercise of discretion in admitting or excluding evidence is reviewable for abuse [citation] and will not be disturbed except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice [citation]." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9-10.) We also review a trial court's determination on a motion for new trial for abuse of discretion. (*People v. Delgado* (1993) 5 Cal.4th 312, 328.)
>
> As the People note, defendant's assertion that the knife was given to Bobby's brother "by someone who represented that it was involved in the stabbing" is not supported by any citation to the record. Moreover, the evidence before the trial court gave no indication that the knife had ever belonged to Bobby at all. Indeed, his brother surmised the knife was the murder weapon. It is undisputed at this point that this knife was not the murder weapon. The defense's theory was that the knife was possessed by Bobby during the murder. As the trial court correctly noted, a knife that had been possessed by Bobby during his murder certainly would have been relevant, but it was sheer speculation to conclude that this was such a knife. " '[A]nd evidence which produces only *speculative* inferences is *irrelevant* evidence.' " (*People v. Babbitt, supra,* 45 Cal.3d at p. 682.) Under these circumstances, we cannot conclude that the trial court abused its discretion in concluding that whatever probative value the evidence had was outweighed by other considerations under Evidence Code section 352 "[E]xclusion of evidence that produces only speculative inferences is not an abuse of discretion." (*People v. Babbitt, supra,* p. 684.) Accordingly, the trial court also did not abuse its discretion in denying defendant's motion for a new trial on this basis.
>
> To the extent that defendant contends the trial court's evidentiary ruling violated his right to present a defense, to due process, and to a fair trial, this claim also fails. (*People v. Babbitt, supra*, 45 Cal.3d at pp. 684-685.) "[B]ecause defendant's evidence failed to meet the threshold requirement of relevance, its exclusion pursuant to [Evidence Code] section 352 did not implicate any due process concerns." (*Id.* at p. 685.)

ECF No. 10-24 at 6-8.

Criminal defendants have a constitutional right, implicit in the Sixth Amendment, to present a defense; this right is "a fundamental element of due process of law." *Washington v. Texas,* 388 U.S. 14, 19 (1967). *See also Crane v. Kentucky,* 476 U.S. 683, 687, 690 (1986);

---

Code] section 352."

*California v. Trombetta,* 467 U.S. 479, 485 (1984); *Webb v. Texas,* 409 U.S. 95, 98 (1972); *Moses v. Payne,* 555 F.3d 742, 757 (9th Cir.2009). A defendant's right to present a defense stems both from the Fourteenth Amendment right to due process and the Sixth Amendment right "to have compulsory process for obtaining witnesses in his favor." *Moses,* 555 F.3d at 757. A state violates the Sixth Amendment when it arbitrarily denies a defendant the right to put on the stand a witness whose testimony "would have been relevant and material to the defense." *Washington,* 388 U.S. at 23.

It is well-established, however, that "the right to present relevant testimony is not without limitation. The right 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" *Rock v. Arkansas,* 483 U.S. 44, 55 (1987) (quoting *Chambers v. Mississippi,* 410 U.S. 284, 295 (1973)). A criminal defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers,* 410 U.S. at 302. Thus, a criminal defendant "does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois,* 484 U.S. 400, 410 (1988). "Even relevant and reliable evidence can be excluded when the state interest is strong." *Perry v. Rushen,* 713 F.2d 1447, 1450 (9th Cir.1983).

A state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process. *Drayden v. White,* 232 F.3d 704, 710 (9th Cir.2000); *Spivey v. Rocha,* 194 F.3d 971, 977–78 (9th Cir.1999); *Jammal v. Van de Kamp,* 926 F.2d 918, 919 (9th Cir.1991). A state law justification for exclusion of evidence does not abridge a criminal defendant's right to present a defense unless it is "arbitrary or disproportionate" and "infringe[s] upon a weighty interest of the accused." *United States v. Scheffer,* 523 U.S. 303, 308 (1998). *See also Crane,* 476 U.S. at 689–91 (discussion of the tension between the discretion of state courts to exclude evidence at trial and the federal constitutional right to "present a complete defense"); *Greene v. Lambert,* 288 F.3d 1081, 1090 (9th Cir.2002). "The Supreme Court has indicated its approval of 'well-established rules of evidence [that] permit trial judges to exclude evidence if its probative value is

outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.'" *Moses,* 555 F.3d at 757. "A habeas petitioner bears a heavy burden in showing a due process violation based on an evidentiary decision." *Boyde v. Brown,* 404 F.3d 1159, 1172 (9th Cir.2005).

Here, petitioner's proffered evidence was excluded under California Evidence Code § 352. This well-established state rule requires evidence to be relevant to be admissible and vests the trial court with discretion to exclude even relevant evidence if its probative value is substantially outweighed by undue consumption of time, undue prejudice, confusion of the issues, or potential to mislead the jury. State courts have "wide latitude" to exclude evidence that is "marginally relevant." *Crane,* 476 U.S. at 689–90; *see also Wood v. Alaska,* 957 F.2d 1544, 1549 (9th Cir.1992) ("A defendant has no right [ ] to present irrelevant evidence."). Further, "well-established rules of evidence permit trial judges to exclude evidence if its probative value is out-weighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes,* 547 U.S. at 326.

Accordingly, petitioner has failed to demonstrate that the decision of the California Court of Appeal regarding the trial court's evidentiary ruling and denial of a motion for a new trial was contrary to or an unreasonable application of, clearly established Supreme Court precedent, or that it was based on an unreasonable determination of the facts of this case. As set forth above, the appellate court concluded that the evidence of the unknown knife was irrelevant and, even if relevant, properly excluded under the applicable state law. ECF No. 10-24 at 6-8. And as the Ninth Circuit has observed, the United States Supreme Court has not "squarely addressed" whether a state court's exercise of discretion to exclude evidence violates a criminal defendant's due process rights. Moses, 555 F.3d at 758–59. Nor has it clearly established a "controlling legal standard" for evaluating discretionary decisions to exclude the type of evidence at issue here. *Id.* at 758; *see also Knowles v. Mirzayance,* 556 U.S. 111, 112 (2009) ("it is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the United States Supreme Court]"); *Wright v. Van Patten,* 552 U.S. 120, 126 (2008) (per curiam) (relief is "unauthorized" under Section

2254(d)(1) when the Supreme Court's decisions "given no clear answer to the question presented, let alone one in [the petitioner's] favor," because the state court cannot be said to have unreasonably applied clearly established Federal law); *Brown v. Horell,* 644 F.3d 969, 983 (9th Cir.2011) ("Between the issuance of *Moses* and the present, the Supreme Court has not decided any case either 'squarely address [ing]' the discretionary exclusion of evidence and the right to present a complete defense or 'establish[ing] a controlling legal standard' for evaluating such exclusions."). Petitioner is therefore not entitled to relief on this claim.

**C. Claim Two**

In his second claim, petitioner alleges that his constitutional rights were violated when the trial court denied his motion for a new trial based on newly discovered evidence. ECF No. 1. The state appellate court addressed this claim in a reasoned opinion as follows:

> *D. Motion for New Trial*
>
> Defendant contends the trial court abused its discretion in denying his motion for a new trial based on newly discovered evidence under section 1181, subdivision (8).[4] The proffered evidence was a declaration of co-defendant, who the jury had just acquitted on all charges. Co-defendant declared that a verbal altercation began after Bobby refused to leave the room. Bobby stated, in a threatening manner, that if he left, he was coming back. Bobby clarified to defendant that he meant that he was going to "pop you cracker." "A physical altercation then broke out between [Bobby] and me. [Bobby] swung at me and I raised my arm to block. I then punched [Bobby], and both of us were swinging." Defendant and Bobby also exchanged punches: "the two of them were equally engaged in swinging at each other." Co-defendant did not see a knife in either defendant's or Bobby's hands during their exchange, but declared, "I know [Bobby] had some type of weapon because I received a large laceration to my arm from blocking the first swing by [Bobby]."
>
> In support of the motion, defense counsel submitted a declaration from a juror stating that, if she had heard the evidence in co-defendant's declaration, she would not have voted to find defendant guilty.

---

[4] [Opinion Footnote 5] Section 1181, subdivision 8 provides in relevant part:

"When a verdict has been rendered ... against the defendant, the court may, upon his application, grant a new trial, in the following cases only:

"[¶] ... [¶]

"8. When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial."

The trial court denied defendant's motion. The court began by explaining that the evidence should not be considered newly discovered evidence, but rather newly available evidence, because everyone knew co-defendant was an eyewitness and he had been unavailable because he chose not to testify. Regardless, the court found that the evidence was cumulative of what defendant had said at trial. The court also found the juror declaration inadmissible under Evidence Code section 1150.[5] "[B]ut I respect that ... that was [her] position. [¶] The problem is that her opinion is nothing other than speculation. I mean, she hasn't heard [co-defendant] testify, she hasn't heard cross-examination on [co-defendant], she hasn't gone through the process of evaluating [co-defendant's] demeanor on the stand and whether there are inconsistencies. Any of the things that we expect are critical to a determination of the accuracy of information. [¶] So, while she can say that, gee, this would have been helpful information, to say it would have changed her opinion is simply nothing other than, perhaps, her wish but speculative in nature."

" ' "The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears." ' [Citations.] ' "[I]n determining whether there has been a proper exercise of discretion on such motion, each case must be judged from its own factual background." ' [Citation.] [¶] In ruling on a motion for new trial based on newly discovered evidence, the trial court considers the following factors: ' "1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not with reasonable diligence have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits." ' " (*People v. Delgado*, *supra*, 5 Cal.4th at p. 328.) "In addition, 'the trial court may consider the credibility as well as materiality of the evidence in its determination [of] whether introduction of the evidence in a new trial would render a different result reasonably probable.' " (*Id.* at p. 329.)

Assuming the evidence qualified as newly discovered evidence under California law, we cannot say, from the record before us, that the trial court abused its discretion in denying the motion for new trial based on this evidence.

Defendant concedes that "[g]enerally speaking, evidence that is merely cumulative of that already presented will not justify granting a new trial." (6 Witkin & Epstein, Cal. Crim. Law (4th ed. 2012) Criminal Judgment, § 106, p. 148.) However, he asserts his co-defendant's corroboration was not merely cumulative because the prosecution argued during closing arguments that defendant's version of events was not corroborated by the evidence or any witnesses. It is not an abuse of discretion for the trial court to conclude that this was not a sufficient ground for granting a new trial. (*People v. Granillo* (1934) 140 Cal.App. 707, 719 ["[I]t has been held that newly discovered evidence which, if admitted, would be corroborative merely of the testimony of the defendant, tending to impeach the prosecuting witness, was not of itself sufficient ground for granting a new trial"];

---

[5] [Opinion Footnote 6] Evidence Code section 1150, subdivision (a) provides: "Upon an inquiry as to the validity of a verdict, any otherwise admissible evidence may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room, of such a character as is likely to have influenced the verdict improperly. No evidence is admissible to show the effect of such statement, conduct, condition, or event upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined."

> *People v. Vejar* (1928) 93 Cal.App. 259, 260-261.) Moreover, as corroboration of defendant's self-defense claim, the declaration had limited value. Co-defendant only stated that he assumed that Bobby had "some type of weapon" based on the cut to his arm. The jury was already aware of this cut and defendant's testimony regarding its origin. Defendant admitted he stabbed Bobby with a knife and testified that Bobby had a knife. Defendant explained that Bobby had charged him, and that he kept stabbing Bobby because Bobby kept attacking him. In comparison, co-defendant described only a mutual fistfight and declared that he did not see either Bobby or defendant with a knife during their exchange. The trial court could have reasonably concluded this newly discovered evidence from co-defendant was not likely to affect the outcome.
>
> Defendant relies on *People v. Soojian* (2010) 190 Cal.App.4th 491, which held that a defendant "has met his burden of establishing that a different result is probable on retrial of the case if he has established that it is probable that at least one juror would have voted to find him not guilty had the new evidence been presented." (*Id.* at p. 521.) Regardless of the admissibility of the juror's declaration,[6] "the test is not a subjective one[,] whether a particular trier of fact would be persuaded by the new evidence to reach a different conclusion, but rather is an objective one based on all the evidence, old and new, whether any second trier of fact, court or jury, would probably reach a different result." (*People v. Huskins* (1966) 245 Cal.App.2d 859, 862; see *People v. Bishop* (1993) 14 Cal.App.4th 203, 212.) We agree with the trial court that, under these circumstances, the juror's declaration was speculative because cross-examination of co-defendant and his demeanor on the witness stand would have been critical. The jury had already heard a stronger version of his story from defendant himself and had chosen not to believe it. It is speculative to assume any juror would have believed co-defendant in a new trial: " 'It is not uncommon, after trial, for one not charged with a crime to attempt to absolve his fellow confederate who has been convicted. [Citation.] The trial court was not bound to accept the statement of [the witness] as true. [Citation.] It was entitled to regard it with distrust and disfavor.' " (*People v. Shoals* (1992) 8 Cal.App.4th 475, 488.) The court did not abuse its discretion in denying defendant's motion for a new trial.

ECF No. 10-24 at 8-12.

To begin with, as respondent correctly argues, there is no clearly established Supreme Court precedent that allows relief for a federal habeas petitioner based solely on the trial court's denial of a new trial. Even if petitioner had stated a cognizable federal claim, as fully discussed by the California Court of Appeal, the trial court did not err in denying his motion for a new trial based on the declaration of his co-defendant. "Under California law, a new trial will be granted if: (1) the evidence is newly discovered; (2) the evidence is not cumulative; (3) the evidence is 'such as to render a different result probable on a retrial of the cause;' (4) 'the party could not

---

[6] [Opinion Footnote 7] Evidence Code section 1150, subdivision (a) applies "[u]pon an inquiry as to the validity of a verdict." Since defendant was seeking a new trial based on newly discovered evidence, and not on the grounds of juror misconduct, the section does not appear to have any application to the issue before the trial court. Nonetheless, the evidence was not dispositive.

with reasonable diligence have discovered and produced it at the trial;' and (5) that the 'facts be shown by the best evidence of which the case admits." *Earp v. Ornoski,* 431 F.3d 1158, 1171 n .10 (9th Cir.2005) (quoting *People v. Martinez,* 36 Cal.3d 816, 821 (1984)). The state appellate court properly found, after reviewing the totality of the new evidence, that the evidence was cumulative of testimony presented at petitioner's trial, and that the juror's declaration was both inadmissible and speculative. ECF No. 10-24 at 8-12. Petitioner fails to demonstrate that the state courts' determination of this issue was contrary to, or an unreasonable application of, clearly established U.S. Supreme Court precedent.

Petitioner also cannot demonstrate that the denial of a new trial violated his general due process rights. As the state courts recognized, the evidence that petitioner moved to admit was technically not newly discovered evidence, but newly available evidence, based on the acquittal of petitioner's co-defendant and his subsequent availability to testify. ECF No. 10-24 at 8-12. The Ninth Circuit has addressed a similar scenario. In *United States v. Lockett,* defendant moved for a new trial based on "newly discovered evidence" in the form of an affidavit from a witness who had refused to testify at defendant's trial. 919 F.2d 585, 591-92 (9th Cir. 1990). The Ninth Circuit held that evidence is not newly discovered when a co-defendant who chose not to testify subsequently decides to do so. *Id*; *see also United States v. Diggs*, 649 F.2d 731 (9th Cir. 1981).

Even if this court were to construe the evidence as newly discovered, petitioner has not demonstrated that without the evidence, his due process rights at trial were violated. For example, petitioner has not demonstrated that the evidence was not, as the trial court concluded, cumulative of admitted evidence. To the extent that petitioner is arguing that the newly available evidence demonstrates his actual innocence, "[e]vidence that merely undercuts trial testimony or casts doubt on petitioner's guilt, but does not affirmatively prove innocence, is insufficient to merit relief". *Jones v. Taylor*, 763 F.3d 1242, 1251 (9th Cir. 2014). Accordingly, petitioner has failed to demonstrate that the decision of the California Court of Appeal regarding the trial court's denial of a motion for a new trial based on new evidence was contrary to or an unreasonable application of, clearly established Supreme Court precedent, or that it was based on an unreasonable determination of the facts of this case. Petitioner is not entitled to relief on this

claim.

## IV. Recommendation

For the reasons stated above, it is hereby RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE